IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

CRAIG CARNELL PICKENS,

               Plaintiff,

       vs.

LONG, CPL Jailer, Individual and Official
capacity; BECKY, SGT Jailer and Account
handler, Individual and Official capacity;
DAKOTA COUNTY CORRECTIONAL
FACILITY, JEN MARQUEZ, CPL, #97052,
Individual and Official capacity; and ADAM
HOUGH, SGT, Individual and Official
capacity;

              Defendants.

**8:24CV494**

**MEMORANDUM AND ORDER**

Plaintiff Craig Carnell Pickens ("Plaintiff"), a pretrial detainee proceeding in forma pauperis,[1] initially filed his Complaint on September 27, 2024, in the Northern District of Iowa as a joint complaint (the "Complaint"), along with four other inmate-plaintiffs who were housed at the Dakota County Jail.[2] Filing No. 5. The matter was transferred to this Court on October 1, 2024. Filing No. 6. Upon initial review of the Complaint (and multiple supplements filed by Plaintiff and several other joint plaintiffs), this Court determined that the parties could not proceed as joint-plaintiffs under Rule 20(a)(1) of the Federal Rules of Civil Procedure because it appeared the claims asserted did not arise out of the same transaction, occurrence, or series of transactions or occurrences. Filing No. 55 at 6–8.

---

[1] *See* Filing No. 56 (granting in forma pauperis).

[2] As Plaintiff appears to use the "Dakota County Jail" and the Dakota County Correctional Facility (the "DCCF") interchangeably, this Court shall refer only to the DCCF for the remainder of this Memorandum and Order.

As a result, this Court determined that each of the joint plaintiffs must proceed individually, severing their claims into separate cases. *Id.* at 10.

The Court also determined that while the Complaint (and supplements) contained claims alleging denial of access to the courts, cruel and unusual punishment, due process violations, deliberate indifference to medical needs, and liberty violations, the Complaint did not contain sufficient factual allegations to support each claim and/or it was not possible for this Court to determine which factual allegations related to each individual plaintiff. *Id.* at 8–9. As a result of the Court's review of the claims in the Complaint, Plaintiff was ordered to file an amended complaint. Filing No. 56 at 5. In compliance, on January 21, 2025, and January 22, 2025, Plaintiff filed an amended complaint, Filing No. 57, and a motion to amend his complaint Filing No. 58, which this Court construes as a supplement.[3]

This Court shall now performs its initial review of Plaintiff's Amended Complaint pursuant to 28 U.S.C. §§ 1915(e) and 1915A, to determine whether summary dismissal is appropriate. For the reasons set forth below the Court finds that it is, but in lieu of dismissal this Court shall sua sponte grant Plaintiff leave to amend in compliance with this Memorandum and Order.

## I. SUMMARY OF AMENDED COMPLAINT

Plaintiff alleges violations of the First, Fifth, Eighth and Fourteenth Amendments of the United States Constitution naming defendants Jen Marquez, Adam Hough, Long, and Sgt. Becky, in their individual and official capacities as employees of the DCCF as well as

---

[3] The Court shall refer to Filing Nos. 57 and 58 collectively as the "Amended Complaint" for the remainder of this Memorandum and Order.

naming the DCCF as a defendant.  Filing No. 57 at 1–3.  Plaintiff alleges that while being held as a pretrial detainee at DCCF he was denied access to law library facilities, his legal mail was read, defendants violated policies for addressing inmate grievances, and defendants fail to adequately protect inmates.  Filing No. 58 at 2–5.

Under the section of the form complaint for listing injuries, Plaintiff wrote "N/A." Filing No. 57 at 5.  However, Plaintiff submits that because of the continual denial of access to a law library multiple "motions have been denied" because he has "no way to argue or know the simplest of rights."[4]  Filing No. 58 at 2.  Plaintiff further asserts that DCCF does not fully screen new inmates for various diseases such as Covid 19 or the flu, which has resulted in Plaintiff falling ill and having to buy medications, harming him physically, psychologically, and financially.  Id. at 4.

## II. APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The Court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate.  See 28 U.S.C. § 1915(e).  The Court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 569–70 (2007); see also Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual

---

[4] Plaintiff alleges that, in relation to his claim that he has been denied access to a law library, the only actual injury he need establish is the library's shortcomings or lack of access.  Filing No. 58 at 2–3.

content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted).

### III. DISCUSSION

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege a violation of rights protected by the United States Constitution or created by federal statute and also must show that the alleged deprivation was caused by conduct of a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993). As Plaintiff brings this suit pursuant to 42 U.S.C. § 1983, all of Plaintiff's claims and relief sought in the Amended Complaint must be reviewed to determine if this standard is met.

### A. Unavailable Claims and Relief

#### 1. Claims against the DCCF

"[C]ounty jails are not legal entities amenable to suit." *Richmond v. Minnesota*, No. CIV. 14-3566 PJS/JSM, 2014 WL 5464814, at *3 (D. Minn. Oct. 27, 2014) (citing *Owens v. Scott Cnty. Jail,* 328 F.3d 1026, 1027 (8th Cir.2003) (per curiam)). Therefore, Plaintiff's claims against the DCCF cannot proceed and must be dismissed with prejudice.

### 2. Violations of procedures for addressing inmate grievances

While Plaintiff's claim relating to an "Onion" protection clause, Filing No. 58 at 3, is unclear, to the extent Plaintiff seeks to allege a claim relating to access to, or the proper function of, the grievance procedures at DCCF, that claim must fail as "[i]nmates do not have a constitutionally protected right to a grievance procedure. Because a . . . grievance procedure does not confer any substantive right upon prison inmates, a prison official's failure to comply with the . . . grievance procedure is not actionable under § 1983." *Hildebrand v. Kugler*, No. 1:19-CV-01006, 2019 WL 2134622, at *1 (W.D. Ark. May 3, 2019), *report and recommendation adopted*, No. 1:19-CV-1006, 2019 WL 2130152 (W.D. Ark. May 15, 2019) (quotation and citation omitted) (collecting cases).

Therefore, any claim relating to Plaintiff's access to, or the defendants' compliance with, DCCF grievance policies and procedures against any remaining defendant cannot proceed.

## B. Official Capacity Claims under 42 U.S.C. § 1983

Plaintiff brings suit against all defendants in their official capacities as employees of DCCF. Where claims are made against defendants in their official capacities, such claims are construed as filed against the officers' employing entity, which here is Dakota County. *Elder-Keep v. Aksamit*, 460 F.3d 979, 986 (8th Cir. 2006) ("A suit against a public official in his official capacity is actually a suit against the entity for which the official is an agent."); *Parrish v. Luckie*, 963 F.2d 201, 203 n.1 (8th Cir. 1992) ("Suits against persons in their official capacity are just another method of filing suit against the entity. A plaintiff seeking damages in an official-capacity suit is seeking a judgment against the entity." (citation omitted)).

5

A county may only be liable under section 1983 if its "policy" or "custom" caused a violation of a plaintiff's constitutional rights. *Doe By and Through Doe v. Washington County*, 150 F.3d 920, 922 (8th Cir. 1998) (citing *Monell v. Department of Soc. Servs.*, 436 U.S. 658, 694 (1978)).  A plaintiff "must allege facts which would support the existence of an unconstitutional policy or custom." *Doe ex rel. Doe v. Sch. Dist. of City of Norfolk*, 340 F.3d 605, 614 (8th Cir. 2003).  Dismissal is proper when a complaint does not contain any "allegations, reference, or language by which one could begin to draw an inference that the conduct complained of . . . resulted from an unconstitutional policy or custom . . . ." *Id.*

Here, aside from alleging a policy of allowing correctional officers to review their own grievances in violation of prison policy, a claim which cannot proceed here, Plaintiff does not allege that any policy or custom of Dakota County caused his injuries.   As such, Plaintiff failed to allege a plausible claim for relief under 42 U.S.C. § 1983 against any defendant in their official capacity, and his official capacity claims against all remaining defendants shall be dismissed.

## C.  Individual Capacity Claims

### 1.  Eighth/Fourteenth Amendment cruel and unusual punishment

Plaintiff alleges that DCCF houses both state inmates and federally detained pro se plaintiff inmates such as himself together, which he alleges results in threats from other inmates.  Filing No. 58 at 4.  Plaintiff further asserts that DCCF does not fully screen new inmates for various diseases such as Covid 19 or the flu, which has resulted in Plaintiff falling ill and having to buy medications.  *Id.*

6

"[W]hen the State takes a person into its custody and holds him there against his will, the Constitution imposes upon it a corresponding duty to assume some responsibility for his safety and general well-being." *County of Sacramento v. Lewis*, 523 U.S. 833, 851 (1998) (citation omitted). Plaintiff was a pretrial detainee at the time the alleged violations occurred, and the Eighth Amendment does not apply to conditions of confinement cases brought by pretrial detainees. *Stearns v. Inmate Servs. Corp., et al.*, 957 F.3d 902 (8th Cir. 2020). Such claims must instead be analyzed under the Fourteenth Amendment as set forth in *Bell v. Wolfish*, 441 U.S. 520 (1979). *Id.* Therefore, as an initial matter, all of Plaintiff's Eighth Amendment claims must be dismissed without prejudice.

The following guidance provided by the Eighth Circuit in *Stearns* is relevant to reviewing these claims under the Fourteenth Amendment:

> In *Bell v. Wolfish*, the Supreme Court articulated the standard governing pretrial detainees' claims related to conditions of confinement. The Court held that the government may detain defendants pretrial and "may subject [them] to the restrictions and conditions of [a] detention facility so long as those conditions and restrictions do not amount to punishment, or otherwise violate the Constitution." *Id.* at 536-37. The Court articulated two ways to determine whether conditions rise to the level of punishment. A plaintiff could show that the conditions were intentionally punitive. *Id.* at 538. Alternatively, if there is no expressly demonstrated intent to punish, the plaintiff could also show that the conditions were not reasonably related to a legitimate governmental purpose or were excessive in relation to that purpose. *Id.* at 538-39. If conditions are found to be arbitrary or excessive, it is permissible to: infer that the purpose of the governmental action is punishment that may not constitutionally be inflicted upon detainees qua detainees." *Id.* at 539.

*Stearns*, 957 F.3d at 907 (alterations in original) (citations omitted). The Constitution therefore prohibits conditions for pretrial detainees that: (1) are intentionally punitive; (2) are not reasonably related to a legitimate governmental purpose; or (3) are excessive to that stated purpose. *Id.* "In considering whether the conditions of pretrial detention are

unconstitutionally punitive, we review the totality of the circumstances of a pretrial detainee's confinement." *Morris v. Zefferi*, 601 F.3d 805, 810 (8th Cir. 2010).

When considering Plaintiff's claim addressing the failure to screen new inmates for illnesses prior to their being housed with other inmates, the Supreme Court's holding in *Helling v. McKinney*, 509 U.S. 25, 33-34 (1993), is instructive, although the case was analyzed under the Eighth, not the Fourteenth Amendment. The Court held that the Eighth Amendment protects against future harm to inmates if the Plaintiff proves threats to personal safety from conditions, such as mingling of inmates with serious contagious diseases with other inmates, and if the conditions establish deliberate indifference to a substantial risk of serious harm. *Id.*

However, to proceed with such a claim, a prisoner must suffer an actual injury to state an Eighth Amendment or, in this case, a Fourteenth Amendment claim. *See Irving v. Dormire*, 519 F.3d 441, 448 (8th Cir. 2008). Pursuant to the PLRA, "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e). As Plaintiff does not describe the nature of any actual physical injury he may have suffered because of these conditions, or connect any alleged injuries factually to any defendant, Plaintiff fails to state a claim.

As to Plaintiff's allegations that prison officials have failed to protect him from threats due to housing federal and state inmates together, he has also failed to state a claim.

It is well established that the Eighth Amendment "requires prison officials to 'take reasonable measures to guarantee' inmate safety by protecting them from attacks by

other prisoners." *Young v. Selk*, 508 F.3d 868, 871 (8th Cir. 2007) (quoting *Farmer v. Brennan*, 511 U.S. 825, 832 (1994)).[5]  "Prison officials act unreasonably—thereby violating the Eighth Amendment—when they are deliberately indifferent to a 'substantial risk of serious harm.'" *Nelson*, 603 F.3d at 446 (quotation marks and citations omitted). To prove deliberate indifference, an inmate must make two showings: "The first requirement tests whether, viewed objectively, the deprivation of rights was sufficiently serious. The second requirement is subjective and requires that the inmate prove that the prison officials had a 'sufficiently culpable state of mind.'" *Irving v. Dormire*, 519 F.3d at 446 (quoting *Farmer*, 511 U.S. at 834) (internal citation omitted).  The deprivation is "'objectively, sufficiently serious,' [under the first requirement when] the official's failure to protect resulted in the inmate being 'incarcerated under conditions posing a substantial risk of serious harm.'" *Young*, 508 F.3d at 872 (quoting *Farmer*, 511 U.S. at 834).  "An official is deliberately indifferent [under the second requirement] if he or she actually knows of the substantial risk and fails to respond reasonably to it." *Id.* at 873 (citing *Farmer*, 511 U.S. at 844-45).

Here, to the extent Plaintiff intended to raise this claim against DCCF, it cannot proceed because, as discussed previously, DCCF is an improper defendant and shall be dismissed with prejudice.  Further, Plaintiff does not factually link the failure to protect to any remaining defendant.  And finally, Plaintiff does not explain why state and federal inmates being housed together would present any additional harm not normally present when individuals are incarcerated together.  Put another way, Plaintiff's Amended

---

[5] The Fourteenth Amendment provides detainees "at least the same level of constitutional protection as the Eighth Amendment," *Nelson v. Shuffman*, 603 F.3d 439, 446 n.3 (8th Cir. 2010), therefore it is appropriate to consider Eighth Amendment protections when analyzing Plaintiff's claim.

Complaint does not contain any allegations which would allow this Court to determine that housing federal and state inmates together in the same facility is objectively serious, or which defendant (or defendants) knew of this alleged risk and ignored it. Therefore, without amendment, this claim must also be dismissed.

### 2. Denial of access to law library facilities

Plaintiff alleges that he has consistently been denied access to any law library since his arrival at DCCF which has hindered Plaintiff's ability to pursue a "nonfrivolous legal claim." Filing No. 58 at 3.

Specifically, Plaintiff alleges that in September 2024 he was brought to DCCF following his initial appearance in federal court and requested access to a Federal Law Library from defendants Marquez and Hough as well as other employees but was denied. *Id.* at 2. Instead, Plaintiff alleges he was told that no legal aid was available to him and to contact his attorney for whatever legal questions he had. *Id.* Plaintiff further alleges that he has gone through the entire grievance process to no avail and that he has been denied access to any legal aid since his arrival at DCCF in September of 2024. *Id.*

> Pre-trial detainees have a right to meaningful access to courts and to judicial process. *Bounds v. Smith*, 430 U.S. 817, 822 (1977) (state prisoners); *Younger v. Gilmore*, 404 U.S. 15 (1971). The City must provide its pre-trial detainees either with "adequate law libraries or adequate assistance from persons trained in the law." *Bounds*, 430 U.S. at 828.

*Johnson-El v. Schoemehl*, 878 F.2d 1043, 1052 (8th Cir. 1989). Moreover, only the denial of access to both law libraries and persons trained in the law violate a plaintiff's due process rights. *Id.* (citing *Kelsey v. State of Minnesota*, 622 F.2d 956 (8th Cir. 1980)). Put another way, the lack of a law library does not deny a pretrial detainee access to courts if he has an attorney.

While Plaintiff's claim may potentially be viable, it is unclear to this Court whether Plaintiff had counsel when he was denied access to the law library. And if so, it is also unclear to this Court if Plaintiff's requested access related to other matters for which he did not have counsel.

Here, this Court cannot determine what matter (or matters) Plaintiff sought use of the law library for, and whether he had counsel at the time. And, if Plaintiff sought use of the law library for a matter which he did not have counsel, it is unclear to this Court which defendants denied him access. As such, without additional factual detail supporting his claim, this claim against all defendants must be dismissed.

### 3. Interference with legal mail

Plaintiff claims that mail from this Court was opened by defendants Hough and Marquez prior to Plaintiff's receipt. Filing No. 58 at 3.

The Eighth Circuit has made clear that it had "never held or suggested that an isolated, inadvertent instance of opening incoming confidential mail will support a § 1983 damage action. . . . [A]n isolated incident, without any evidence of improper motive or resulting interference with [the inmate's] right to counsel or access to courts, does not give rise to a constitutional violation." *Gardner v. Howard*, 109 F.3d 427, 431 (8th Cir. 1997). Further, the seizure of a prisoner's legal papers by prison officials does not violate due process unless the seizure caused prejudice to the prisoner in a legal proceeding. *Johnson v. Hamilton*, 452 F.3d 967, 973 (8th Cir. 2006).

Here, Plaintiff does not indicate how often his legal mail was opened, and he does not describe any harm as a result of the alleged openings. Therefore, as pleaded, his legal mail claim against any defendant cannot proceed.

11

## IV. CONCLUSION

For the reasons set forth herein, Plaintiff's Amended Complaint is subject to dismissal pursuant to 28 U.S.C. §§ 1915(e) and 1915A.  However, in lieu of dismissal, on the Court's own motion, Plaintiff shall have 30 days from the date of this Memorandum and Order to file a second amended complaint that sufficiently describes his claims, including naming defendants capable of being sued.  *Plaintiff should be mindful to clearly explain what each defendant did to him, when each defendant did it, how each defendant's actions harmed him, and what specific legal rights Plaintiff believes each defendant violated.  Put another way, the Court cannot guess as to what each defendant did and when, therefore, Plaintiff should set forth factual allegations that establish who each defendant is, when and how they were involved with Plaintiff, and what claims Plaintiff alleges against each of them.*

If Plaintiff fails to file a second amended complaint in accordance with this Memorandum and Order, his Complaint will be dismissed without prejudice and without further notice.  The Court reserves the right to conduct further review of Plaintiff's claims pursuant to 28 U.S.C. § 1915(e)(2) after he addresses the matters set forth in this Memorandum and Order.

IT IS THEREFORE ORDERED that:

1.  All claims against the Dakota County Correctional Facility are dismissed with prejudice.

2.  All claims against all defendants relating to failure to adhere to institutional grievance procedures and policies as well as all of Plaintiff's Eighth Amendment claims are dismissed without prejudice.

12

3.  Plaintiff shall have until **May 15, 2025**, to file a second amended complaint.

4.  If Plaintiff decides to proceed and file a second amended complaint he must: Clearly state a claim or claims upon which relief may be granted against any and all named defendants in accordance with this Memorandum and Order.  **Plaintiff is warned that an amended complaint will supersede, not supplement, the previously filed Amended Complaint.  Plaintiff must include all of the claims he wishes to pursue against all of individuals <u>named</u> as defendants in this case that he wishes to proceed against in his amended complaint, without relying upon or incorporating by reference any allegations made in the original Amended Complaint.  Plaintiff should be mindful to explain in his second amended complaint what each defendant did to him, when and where the defendant did it, and how the defendant's actions harmed him.**

5.  If Plaintiff fails to file a second amended complaint or otherwise respond to this order, Plaintiff's claims against all defendants will be dismissed without prejudice and without further notice.

6.  To the extent Plaintiff requires additional time to comply with this Memorandum and Order, he must seek an extension via filing a written motion on or before the May 15, 2025, deadline for compliance.

7.  The Clerk of the Court is directed to send Plaintiff the Form Pro Se 14 ("Complaint for Violation of Civil Rights (Prisoner)").

8.  The Clerk's Office is further directed to set a pro se case management deadline in this case using the following text: **May 15, 2025:** Check for second amended complaint.

13

Dated this 15th day of April, 2025.

BY THE COURT:

Joseph F. Bataillon
Senior United States District Judge